IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : MAGISTRATE NO. 21-MJ-526 |
| V. | : |
| | : |
| ZACHARY REHL, DEFENDANT | : |
| | : |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO DETENTION

Defendant, Zachary Rehl, by and through his counsel, Shaka M. Johnson, Esquire respectfully submits the following Memorandum in Opposition for Detention. The Government cannot establish by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of other persons and the community if the defendant is released pending trial. See 18 U.S.C. § 3142(e). Therefore, this Court must enter an order releasing the Defendant on appropriate conditions that will assure the appearance of the Defendant as required and th4 safety of any other person and the community.

Under 18 U.S.C. 3142(e)(3), a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and safety of the community if the Court finds that there is probable cause to believe that the person committed an offense as outlined in the subsection. Here, the Defendant has been charged with 18 U.S.C. § 371—conspiracy, 18 U.S.C. §§ 1512(c)(2),2—obstruction of an official proceeding and aiding and abetting, 18 U.S.C. §§ 231(a)(3), 2—obstruction of law enforcement during civil disorder and

aiding and abetting, 18 U.S.C. §§ 1361, 2—destruction of government property and aiding and abetting, 18 U.S.C. § 1752(a)(1)—entering and remaining in a restricted building or grounds, 18 U.S.C. § 1752(a)(2)—disorderly conduct in a restricted building or grounds. As indicated in the Government's Motion for Detention, the Defendant has been charged with destruction of government property, which is specifically enumerated in 18 U.S.C. § 2332b(g)(5)(B) and carries a maximum sentence of ten years in prison and is a crime of violence under 18 U.S.C. § 3156.

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the court shall take into account the available information concerning: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

## DISCUSSION

1. **Nature and circumstances of the offense charged**. Admittedly, the crimes for which the Defendant has been charged are very serious; however, detention is not warranted in this case. As proffered by the Government, Mr. Rehl is not alleged to have acted as a principal in the destruction of government property, but instead is culpable because of the actions of his co-conspirators.

2. **Weight of the evidence against the Defendant**. The Government proffers and provides a photograph of Mr. Rehl at the Capitol on January 6, 2021; however, as indicated above, the Government does not allege that Mr. Rehl acted as a principal in any destruction of government property, and thus the weight of the evidence against him does not favor detention.

3. **History and Characteristics of the Defendant.** Mr. Rehl stands before the Court today as a 35-year-old man.  He was born and raised in Philadelphia, PA, where he was raised by his mother, Tonya Zwanetski, and father, Robert Rehl, until he was approximately 8 years old. It was at this time his parents got a divorce.  Mr. Rehl subsequently lost his father by means of suicide on his 12th birthday. His mother later married Mr. David Zwanetski, whom he maintained a positive relationship with.  He still maintains a close relationship with his mother and stepfather, who both reside in the Eastern District of Pennsylvania.

Mr. Rehl is married to Amanda Rehl, a woman he has built a life with here in Philadelphia for the last 10 years.  Mr. Rehl and Amanda entered into the bonds of matrimony on May 5, 2018.  Mrs. Rehl expresses her intentions to support Mr. Rehl throughout these criminal proceedings and would ensure his compliance with the rules and regulations imposed by the court if he is ordered released. Mr. Rehl has a 16-year-old daughter, Kiley Rehl, whom he spends time with; however, his visits have been lessened since the onset of the COVID-19 pandemic.  He is expecting the birth of the newest member of the Rehl family on June 30, 2021. He is looking forward to the many experiences associated with being a parent of a newborn.  Mr.

Rehl is very close and dedicated to his family. His strong family ties and ties to this community supports that he will appear for court.

**Military Service:** Mr. Rehl has a strong background of service to his country. On October 15, 2008, Mr. Rehl, inspired by the vision of service they provided, joined the United States Marine Corps. He joined knowing that the country was still in violent conflict, and that, at any time, he could be deployed to Iraq or Afghanistan as his brother had been. He was stationed far from his East Coast roots in Yuma, Arizona. Joining the Corps provided, for the first time, a stable life for Mr. Rehl. The discipline of the Corps gave him needed structure and support, and the brothers he met gave him a new family. Mr. Rehl threw himself full-heartedly into the service, and was promoted to the rank of Corporal E4, a position of responsibility and authority.  The USMC acknowledged his service in multiple ways. He earned the Marine Corps Good Conduct Medal after 3 years of "honorable and faithful" service without any infractions. He was recognized with both the Global War on Terrorism Service Medal and the National Defense Service Medal for serving during a time of war and for combatting global terrorism. Like a true Marine, Mr. Rehl also volunteered his time above and beyond the minimum. He worked extra hours recruiting new Marines and soldiers, for which he was given the Navy Unit Commendation. His volunteer work in organizing and fundraising for the Yuma Airshow (a recruiting event) was so valuable a rare Letter of Appreciation was written on his behalf. Mr. Rehl's Commanding Officer would also write a Letter of Appreciation describing his excellent service upon his separation from the USMC.

Mr. Rehl provided a vital service to our nation as a Traffic Management Specialist. He completed, and later oversaw, the shipment of materials to Marines overseas. The contents of those packages ranged from family letters to rifles and other critical supplies. Without his skills, the Marines serving overseas would not have the physical or emotional equipment needed to complete their incredibly important jobs. *See* Attachment A—Zachary Rehl's Certificate of Release or Discharge.

As a member of the Traffic Management team, Mr. Rehl suffered a lower back injury caused by repetitive lifting of boxes. This injury requires daily use of heavy-duty painkillers, and created a situation where Mr. Rehl was at risk of developing a dependency simply by continuing the proper course of treatment. In addition, during a routine training exercise, Mr. Rehl suffered a severe shoulder injury along an obstacle course. Micro-fractures spread throughout his shoulder where they rubbed against his AC joint, slowly and painfully grinding it away. The injury grew worse and worse over time, eventually requiring a surgery that still was unsuccessful in treating the problem or in relieving Mr. Rehl's significant pain. The lower back pain caused by his work ensuring the delivery of critical supplies also led to a hernia which occurred suddenly as Mr. Rehl opened a car door. The injury was so serious that he had to be physically carried to the hospital. Mr. Rehl's combination of injuries and unsuccessful surgery led to his Honorable Medical Discharge in May of 2012. The extent of his medical issues is documented in medical records in the possession of Veteran's Affairs. A review of his records would show that he suffers from lumbar degenerative disc disease, complications from his right shoulder resulting in pain, weakness, and loss of movement, post-traumatic symptoms, generalized anxiety disorder, a hernia, and gastroesophageal disease (GERD) caused by his stress.

**Education:** Since his disabilities prevent him from doing the type of work he loved doing as a Marine, Mr. Rehl had to choose a new career plan. Mr. Rehl decided to lean on his experience in sales and his talent for operations management and decided to pursue a business degree in marketing. He obtained a B.A. in Business from Temple University in 2016. **See Attachment B**—Copy of Temple University Degree awarded to Zachary Rehl.

**4. Nature and seriousness of the danger to any person or the community that would be posed by the person's release.** Mr. Rehl does not pose a danger to any person or the community. His service to our country supports this position. He joined the Corps during a time of war and constant terrorism; willing to put his body on the line for the U.S. His actions in service were vital in keeping our troops supplied and emotionally healthy. He was deemed trustworthy enough to merit a role of major responsibility in the USMC—a military branch that believes strongly in honor and service. Despite the physical and psychological scars left by his time as a Marine, Mr. Rehl has reintegrated well into society, especially considering the path that disability and inability to continue to serve has had on many veterans who return home from serving our country abroad. Prior to this incident, Mr. Rehl had some infractions with the law; however, nothing about those previous incidents suggests that if this Court was to release him now, he would pose a danger. Moreover, although present, Mr. Rehl did not engage in any activity that were violent or destructive.

## CONCLUSION

As a veteran, father, and community member, Mr. Rehl has assuredly rebutted the presumption in favor of detention. Moreover, the Government has not shown through clear

and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if he is released.

**WHEREFORE**, the Defendant respectfully request the Court enter an order releasing Mr. Rehl pending trial on such conditions that would assure appearance of the Defendant as required and the safety of any other person and the community of detention in this matter.

DATED: March 25, 2021                    Respectfully submitted,

/s/ Shaka M. Johnson
Shaka M. Johnson, Esquire

**Law Offices of Shaka Johnson, LLC**
1333 Christian Street
Philadelphia, PA 19147
(215) 732-7900
Shaka@shakajohnsonlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | MAGISTRATE NO. 21-MJ-526 |
| V. : | |
| : | |
| ZACHARY REHL, DEFENDANT : | |
| : | |

CERTIFICATE OF SERVICE

    I, Shaka M. Johnson, counsel for Zachart Rehl, hereby certify that on this 25th day of March 2021, I caused a true and correct copy of the instant Memorandum to be served via the Court's electronic notification system upon:

    The Honorable Richard A. Lloret
    United States District Court
    Eastern District of Pennsylvania
    3041 U.S. Courthouse
    Philadelphia, PA 19106

    Thomas R. Perricone, Esquire
    Assistant United States Attorney
    United States Attorney's Office
    615 Chestnut Street
    Philadelphia, PA 19106-4476

DATED: March 25, 2021        Respectfully submitted,

                                  /s/ Shaka M. Johnson
                                  Shaka M. Johnson, Esquire

                                  **Law Offices of Shaka Johnson, LLC**
                                  1333 Christian Street
                                  Philadelphia, PA 19147
                                  (215) 732-7900
                                  Shaka@shakajohnsonlaw.com